UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARK HAMMONDS,**

    **Plaintiff,**

    v.

**TAMEKA JOHNSON,**

    **Defendant.**

**Case No. 1:22-cv-563**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Gentry**

## ORDER

This cause is before the Court on the Magistrate Judge's November 17, 2022, Report and Recommendation ("R&R," Doc. 5) advising the Court to dismiss Plaintiff Mark Hammonds' Complaint (Doc. 1) with prejudice, and on Hammonds' Motion to be Granted an Attorney to Help in a Civil Action. (Doc. 6). For the reasons briefly discussed below, the Court **ADOPTS** the R&R's (Doc. 5) recommendation to dismiss, but **DISMISSES** Hammonds' Complaint (Doc. 1) **WITHOUT PREJUDICE**. As a result, the Court **DENIES** Hammonds' Motion to be Granted an Attorney to Help in a Civil Action (Doc. 6) **AS MOOT**.

On September 28, 2022, Plaintiff Mark Hammonds filed his Complaint in this Court. (Doc. 1). His Complaint alleges, in full:

> Tameka Johnson lied on me before a court of law by saying I did something that help the County of Hamilton courts convict me of a lie not once but twice the first time was on 2/2/2020 and the second time on 5/2022 when Ms. Johnson knew she was lying on me both times.

(*Id*. at #6). For relief, Hammonds demands from Defendant Tameka Johnson "the

amount of $150,000 for defamation of character." (*Id.* at #7). On his Civil Cover sheet, Hammonds notes that both he and Johnson live in Ohio, and under "Basis of Jurisdiction," he left all four boxes blank. (Doc. 1-1, #8). Hammonds nowhere cites nor references any federal statute granting the Court jurisdiction over his claim.

When filing his Complaint, Hammonds neither paid the filing fee nor requested leave to proceed in forma pauperis. The Magistrate Judge issued a deficiency order (Doc. 2), and Hammonds responded by requesting to proceed in forma pauperis (Doc. 3).

That prompted the Magistrate Judge to screen Hammonds' Complaint under 28 U.S.C. § 1915(e). Afterward, the Magistrate Judge issued an R&R on November 17, 2022, advising the Court to dismiss Hammonds' Complaint with prejudice. (Doc. 5). Even after construing Hammonds' allegations liberally, the Magistrate Judge concluded the Court lacked jurisdiction to entertain his Complaint. First, diversity jurisdiction is unavailable because Hammonds reported that both parties live in Ohio. (*Id.* at #32). And second, Hammonds' defamation claim originates in state law and so falls outside the Court's federal question jurisdiction.[1] (*Id.*).

---

[1] Apparently giving Hammonds every benefit of the doubt, the R&R also considers whether Hammonds has attempted to state a claim under 42 U.S.C. § 1983. (Doc. 5, #32–33). Of course, *had* Hammonds invoked § 1983, the Court would have federal question jurisdiction over that claim (and perhaps supplemental jurisdiction over any related state-law claims). But Hammonds nowhere mentions or otherwise seeks to invoke that statute. And even if he had, the Court would have dismissed that claim with prejudice under the *Twombly/Iqbal* standard because Hammonds does not plausibly allege Johnson, a private party, acted under color of state law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2009).

Beyond recommending that the Court dismiss the Complaint, the R&R advised Hammonds that failing to object within the 14 days specified in the R&R may cause him to forfeit rights on appeal, including the right to District Court review. (*See id.* at #25); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and Hammonds did not object to the R&R.

Although Hammonds has not objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, this Court must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (quoting *Kokkonen*, 511 U.S. at 377). Hammonds has not carried his burden. As the R&R recognized, his Complaint gives rise to neither federal question

3

nor diversity jurisdiction. And even when prompted to check the box describing his "Basis for Jurisdiction," Hammonds left all blank. (*See* Doc. 1-1, #8). That said, because the dismissal is based on a lack of subject matter jurisdiction, the Court dismisses Hammonds' Complaint without prejudice to allow him to refile in an appropriate state court to the extent permitted by state law.

Finally, the Court recognizes that Hammonds moved—in a one sentence filing—for the appointment of civil counsel. (Doc. 6, #35). But he offers no justification for his request besides that he is proceeding in forma pauperis. (*Id.*). That's not enough. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("Appointment of counsel in a civil case … is justified only by exceptional circumstances." (internal citation and quotation omitted)). In any event, as the Court dismisses Hammonds' Complaint for want of jurisdiction, his Motion is now moot.

In short, the Court **ADOPTS** the R&R's (Doc. 5) recommendation to dismiss, but **DISMISSES** Hammonds' Complaint (Doc. 1) **WITHOUT PREJUDICE**. And as a result, the Court **DENIES** Hammonds' Motion to be Granted an Attorney to Help in a Civil Action (Doc. 6) **AS MOOT**. The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** the matter from the docket. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and **DENIES** Hammonds leave to appeal in forma pauperis.

**SO ORDERED.**

December 27, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**